FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

97 MAR 17 AM 9: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| FIRST FEDERAL LEASING, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 96-B-1077-NW |
| MILNER-RUSHING DISCOUNT DRUGS & HOMECARE, INC. and JOHN LAWSON, | } | |
| Defendants. | } | |

ENTERED

MAR 17 1997

### MEMORANDUM OPINION

Currently before the court is defendants' Motion to Remand this action to state court. Plaintiff removed this case to federal court on the theory that this action is sufficiently related to a bankruptcy proceeding to confer subject matter jurisdiction upon this court. Defendants contend that this action is not sufficiently related and, in the alternative, that the court should abstain from exercising jurisdiction even if it has jurisdiction. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the motion is due to be granted.

### FACTUAL SUMMARY

Plaintiff filed the present action in the Circuit Court of Lauderdale County, Alabama on November 30, 1995, alleging that defendants injured plaintiff by defaulting on a finance-lease agreement. (Compl. ¶¶ 2-6). On January 11, 1996, defendants filed an Answer, a Counterclaim and a Third-Party Complaint. (Answer; Countercl. and Third-Party Compl.). Defendants asserted their third-party complaint against both Recomm International display, LTD, ("Recomm"), and Bradley Smith, in his individual capacity. (*Id.*) Plaintiff is a corporation



apparently engaged in the finance business; defendant Milner-Rushing is a corporation engaged in the retail pharmacy business; defendant John Lawson is a citizen of Alabama and a pharmacist; third party defendant Recomm is a corporation specializing in advertising services for the health care industry; and third party defendant Bradley Smith was, during the time relevant to plaintiff's complaint, an employee/agent of Recomm or First Federal Leasing ("First Federal"). (Countercl. and Third-Party Compl. ¶¶ 1-5; First Am. Countercl. ¶ 2). All causes of action asserted by any of the parties arise under either state or common law; none of the claims states a cause of action arising under federal law.

First Federal alleges in its complaint that it financed the lease of certain equipment to the defendants, Milner-Rushing and John Lawson, and that the defendants defaulted on the finance-lease agreement by not paying the lease payments as they came due. (Compl. ¶¶ 5-6). Defendants allege in their counterclaim and third-party complaint that Bradley Smith, within the scope of his employment/agency with Recomm or First Federal, fraudulently induced Mr. Lawson to enter into a license fee agreement. (Countercl. and Third-Party Compl. ¶¶ 6-7). Mr. Smith allegedly stated that Milner-Rushing would make monthly payments for certain equipment and that Recomm would pay Milner-Rushing "license fees" that would virtually equal the rental cost of the equipment. *Id.* Defendants claim that Recomm breached the agreement when it made only one payment and then ceased to make any further payments under the agreement. (*Id.* ¶ 7).

In February 1996, Milner-Rushing and John Lawson dismissed their third-party complaint against Recomm and Bradley Smith, on a *pro tanto* basis. (Notice of Voluntary Dismissal). First Federal filed a motion to strike or dismiss defendants' amended counterclaim in March 1996 that was subsequently denied on April 3, 1996. Plaintiff then removed this case to federal court on

April 25, 1996. (Notice of Removal). Plaintiff asserts that this court has jurisdiction over this matter under 28 U.S.C. § 1334(b) because the claims against First Federal are related to the bankruptcy case of Recomm. (Notice of Removal ¶ 6).

As a result of the voluntary dismissal of Recomm, it is not a party to the present litigation. Furthermore, neither plaintiff nor defendants have shown, by document or otherwise, that Recomm is automatically obligated to indemnify any party to this action for liability arising out of this action.

## DISCUSSION

Plaintiff has not presented any evidence that diversity jurisdiction exists as a basis for its removal of this action. Furthermore, plaintiff has not asserted that this court has jurisdiction based on the existence of a federal question. The plaintiff (as the removing party) has the burden of proving the court's jurisdiction, *see Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), and has not met that burden with regard to diversity or federal question jurisdiction. Therefore, the court is of the opinion that it does not have jurisdiction over this matter based on diversity of citizenship between the parties or on the existence of a federal question. Thus, if the court has jurisdiction, it would be on the basis of 28 U.S.C. § 1334(b).[1]

Plaintiff's main argument is that jurisdiction exists under 28 U.S.C. § 1334(b) because the instant action is "related to" Recomm's bankruptcy proceeding pending in Florida. This argument is without merit. The basis for plaintiff's argument is that the plaintiff (counter-defendant) or the

---

[1] Section 1334(b) states: "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

3

defendants might assert a claim against Recomm for indemnification should either be found liable to pay damages in the present action. Plaintiff asserts that if it is found liable, it would have a common law cause of action for indemnification against Recomm. Furthermore, plaintiff seems to assert that defendants could state a cause of action against Recomm, as well.[2] As noted above, plaintiff does not assert a specific right of indemnification based on contract or otherwise that would give plaintiff an absolute right of indemnification. As plaintiff stated, any indemnification of the plaintiff would be the result of a common law indemnity action against Recomm.

The Eleventh Circuit has adopted the test formulated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), for whether or not an action is "related to" a proceeding in bankruptcy. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). Under that test, the question is whether the present action "'could conceivably have an effect on the estate being administered in bankruptcy.'" *Id.* (quoting *Pacor*, 743 F.2d at 994). For an action to be related, it is not necessary for the civil action to be against either the debtor or the debtor's property. *Id.* As the Third Circuit stated, "'[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Id.* (quoting *Pacor*, 743 F.2d at 994).

---

[2] Plaintiff has not shown the basis for the defendants' potential cause of action against Recomm. Plaintiff has the burden to show jurisdiction, however, and has not shown any automatic right of indemnification in the defendants against Recomm. It appears from plaintiff's argument that defendants would have to bring suit against Recomm before any recovery from Recomm would be possible.

4

Plaintiff argues that its potential indemnification claim against Recomm could possibly have an effect on the bankruptcy estate. It argues that the outcome here could alter the debtor's "rights, liabilities, options, or freedom of action." Plaintiff's argument is misguided, however. The present action will have **no** effect on Recomm's bankruptcy estate. No property of Recomm would be used to satisfy a judgment here. At the most, the outcome of the present litigation would give rise to a cause of action in the plaintiff against Recomm for indemnification.

The *Pacor* court, which authored the test for relatedness adopted by the Eleventh Circuit, addressed an issue similar to the one at bar and stated:

> Our examination of the [present] controversy leads us to conclude that the primary action between [plaintiff and defendant] would have no effect on the [debtor's] bankruptcy estate, and therefore is not "related to" bankruptcy . . . . At best, it is a mere precursor to the potential third party claim for indemnification by [plaintiff] against [the debtor]. Yet the outcome of the [present] action would in no way bind [the debtor], in that it could not determine any rights, liabilities, or course of action of the debtor. Since [the debtor] is not a party to the [present] action, it could not be bound by res judicata or collateral estoppel. Even if the [present] dispute is resolved in favor of [the plaintiff] (thereby keeping open the possibility of a third party claim), [the debtor] would still be able to relitigate any issue, or adopt any position, in response to the subsequent claim by [the defendant]. Thus, the bankruptcy estate could not be affected in any way until the [defendant's] third party action is actually brought and tried.

*Pacor*, 743 F.2d at 995 (citations omitted). The court suggested that an absolute right of indemnification based on some sort of guarantor relationship (e.g., an explicit indemnification agreement) might make the cause of action related to the bankruptcy. *Id*. Under the actual facts of *Pacor*, however, the court stated: "The fact remains that any judgment received by the plaintiff . . . could not itself result in even a contingent claim against [the debtor], since [the defendant] would still be obligated to bring an entirely separate proceeding to receive indemnification." *Id*.

5

The present case is similar to *Pacor* in that no absolute right of indemnification exists in the instant action. Plaintiff here would have to prevail separately against Recomm in a suit at common law before any recovery from Recomm could be had. Based on the reasoning of *Pacor*, the court concludes that the present action is not related to the Recomm bankruptcy proceeding. Therefore, the court does not have subject matter jurisdiction under 28 U.S.C. § 1334(b) over the present action.

Plaintiff also argues that the present action is a core proceeding under 28 U.S.C. § 157 and that, therefore, the action arises under title 11 and jurisdiction exists under 28 U.S.C. § 1334(b). The present action is not a core proceeding, however. As the Eleventh Circuit has stated, "'[i]f the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[,] it is not a core proceeding; it may be related to the bankruptcy . . . but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.'" *In re Davis*, 899 F.2d 1136, 1140-41 (11th Cir.) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)), *cert. denied*, 498 U.S. 981 (1990). The present action is based entirely on state law, and none of the parties to the present action is a debtor in bankruptcy. This action **does** exist outside of bankruptcy and does not involve a substantive right created by federal bankruptcy law. Thus, the present action is not a core proceeding, and the court does not have jurisdiction pursuant to 28 U.S.C. § 1334(b).

Plaintiff and defendants have both presented arguments concerning whether or not the court should abstain under 28 U.S.C. § 1334(c) from exercising any jurisdiction that it might have over this matter. Because the court is of the opinion that the motion to remand is due to be granted, it need not decide the abstention issue.

6

## CONCLUSION

Based on the foregoing, the court is of the opinion that it does not have jurisdiction over the present action. Neither diversity nor federal question jurisdiction exists. Furthermore, the present action is not a core proceeding in bankruptcy, and it is not "related to" a proceeding in bankruptcy. Thus, the court does not have jurisdiction under 28 U.S.C. § 1334(b), either. As a result, the motion to remand is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 17th day of March, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge